# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF SOUTH CAROLINA

SAM EDWARD JONES,      )
#163928, formerly #161711,  )
                   )
         Plaintiff,    )     Civil Action No. 0:06-2028-MBS-BM
                   )
v.                  )
                   )     **REPORT AND RECOMMENDATION**
TOM FOX, Director of J. Reuben  )
Long Detention Center, in official   )
capacity, and PHILLIP THOMPSON,)
Sheriff, in official capacity,    )
                   )
        Defendants.  )
_____)

This action has been filed by the Plaintiff, pro se, pursuant to 42 U.S.C. § 1983. Plaintiff, who at the time this action was filed was an inmate at the J. Reuben Long Detention Center in Horry County South Carolina,[1] alleges violations of his constitutional rights by the named Defendants.

The Defendants filed a motion for summary judgment pursuant to Rule 56, Fed.R.Civ.P., on November 27, 2006. As the Plaintiff is proceeding pro se, a Roseboro order was entered by the Court on November 28, 2006, advising Plaintiff of the importance of a motion for summary judgment and of the need for him to file an adequate response. Plaintiff was specifically advised that if he failed to respond adequately, the Defendants' motion may be granted, thereby

---

[1]Plaintiff is now an inmate with the South Carolina Department of Corrections, housed at the Kirkland Correctional Institution. See Document No. 27.



ending his case. However, notwithstanding the specific notice and instructions as contained in the Court's <u>Roseboro</u> order, Plaintiff has failed to file any response to the Defendants' motion, which is now before the Court for disposition.[2]

### Background and Evidence

Plaintiff alleges in his verified Complaint[3] that the conditions of his confinement at the Horry County Detention Center violate his constitutional rights because the cells are overcrowded, inmates are having to sleep on the floor next to in-cell toilets, the overcrowded conditions create a security risk as well as fire and safety hazards, that medical problems are being "denied treatment", that inmates are not allowed "outside recreation as required", and that inmates are not being given sufficient opportunity to shave. Plaintiff also complains that visitation at the Detention Center should be "extended in the afternoon from 3:30 p.m. to 5:00 p.m. to accommodate the majority of those [who] receive visits." Plaintiff seeks certain injunctive and/or declaratory relief, as well as monetary damages. <u>See generally</u>, <u>Verified Complaint filed July 14, 2006, together with amendment filed August 30, 2006</u>.

In support of summary judgment in the case, Defendants have submitted three affidavits. Joey Johnson has submitted an affidavit attesting that he is Deputy Director of the J.

---

[2]This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d) and (e), D.S.C. The Defendants have filed a motion for summary judgment. As this is a dispositive motion, this Report and Recommendation is entered for review by the Court.

[3]In this Circuit, verified complaints by <u>pro se</u> litigants are to be considered as affidavits and may, standing alone, defeat a motion for summary judgment when the allegations contained therein are based on personal knowledge. <u>Williams v. Griffin</u>, 952 F.2d 820, 823 (4th Cir. 1991). Plaintiff has filed a verified Complaint. Therefore, even though Plaintiff failed to respond to the motion for summary judgment, the undersigned has considered the factual allegations set forth in the verified Complaint in issuing a recommendation in this case.

2



Reuben Long Detention Center, and that as of the date of the affidavit (September 25, 2006) Plaintiff was being housed in cells containing more than two inmates.    Johnson attests that housing at the Detention Center is governed by policies and procedures approved by the South Carolina Department of Corrections, that the Detention Center is reviewed by the Department of Corrections as well as by the South Carolina Department of Health and Environmental Control, and that during the time period at issue the Detention Center met all relevant requirements of the SCDC and the SCDHEC with the exception of capacity. Johnson further attests that, although the Detention Center is overcrowded, this has no effect on the Detention Center's ability to provide those necessities required by law to maintain health and safety compliance for detainees/inmates. Johnson also attests that it is up to the Plaintiff how to place his mattress on the floor of his cell, and that there is no necessity for Plaintiff to sleep with his head underneath a commode. See generally, Johnson Affidavit.

An affidavit has also been submitted from Susan Safford, who attests that she has reviewed the grievance which was addressed to her, and that she has verified that Plaintiff's grievances were processed and addressed.    Safford further attests that, although due to the population of the Detention Center, inmates are required to sleep on mattresses on the floor, Plaintiff's grievances concerning the conditions in his cell and of his confinement were found to be groundless.  See generally, Safford Affidavit.

Finally, the Defendant Tom Fox has submitted an affidavit wherein he attests that he is employed by the Horry County Sheriff as the Director of the J. Reuben Long Detention Center, and that his duties include general oversight of the Detention Center and its staff.  Fox attests that, during Plaintiff's period of detention at the Detention Center, he does not recall having any personal

3



contact with the Plaintiff, nor did he participate in his medical care in any way. Fox attests that all Detention Center inmates are afforded access to medical care for their medical needs, that the medical staff is either on duty or on call twenty-four (24) hours a day, seven (7) days a week, and that Detention Center inmates are also provided access to specialists and other outside referrals when medically necessary. Fox attests that neither he nor any other member of the administrative and security staff are permitted to interfere with the course of an inmates' medical care, except to the extent that attendant circumstances (such as transportation) surrounding access to that care touch on security concerns. Fox attests that he has not involved himself in the inmate's medical care, nor is he trained to do so, and that all medical decisions concerning an inmate's course of treatment are made solely by the medical staff and any consulting physicians.

Fox also attests that the Detention Center is inspected on a regular basis by the Department of Corrections, the Department of Health and Environmental Control, and the South Carolina Department of Labor, Licensing and Regulation (Division of Fire and Life Safety). Fox attests that these inspections cover virtually all of the Detention Center's operations and facilities, including but not limited to operational policies and procedures, staffing requirements, procedures for access to medical care, cleanliness of the living facilities, cleanliness of the kitchen and food service areas, and the manner in which food is prepared and served. Fox attests that every effort is made to comply with all applicable regulations, and to correct any and all deficiencies noted by those agencies. See generally, Fox Affidavit.

## Discussion

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that

4



there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Rule 56(c), Fed.R.Civ.P. The moving party has the burden of proving that judgment on the pleadings is appropriate. Once the moving party makes this showing, however, the opposing party must respond to the motion with "specific facts showing there is a genuine issue for trial." Rule 56(e), Fed.R.Civ.P. Further, while the Federal Court is charged with liberally construing a complaint filed by a <u>pro</u> <u>se</u> litigant to allow the development of a potentially meritorious case, <u>see</u> <u>Cruz v. Beto</u>, 405 U.S. 319 (1972); <u>Haines v. Kerner</u>, 404 U.S. 519 (1972), the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a Federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. <u>Weller v. Dep't of Social Services</u>, 901 F.2d 387 (4th Cir. 1990). Here, after careful consideration of the material filed with this Court, the undersigned finds and concludes that the Defendants are entitled to summary judgment on Plaintiff's claims.

First, it is readily apparent that Plaintiff is no longer being housed at the J. Reuben Long Detention Center. Therefore, his claims for declaratory and/or injunctive relief are moot. <u>See</u> <u>Williams v. Griffin</u>, 952 F.2d 820, 823 (4th Cir. 1991) ["[T]he transfer of a prisoner render[s] moot his claim for injunctive and declaratory relief."]; <u>Taylors v. Rogers</u>, 781 F.2d 1047, 1048 n. 1 (4th Cir. 1986) [holding that prisoner's transfer mooted a request for declaratory and injunctive relief]. <em>Cf.</em> <u>Powell v. McCormack</u>, 395 U.S. 486, 496 (1969) ["[A] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome."]; <u>Magee v. Waters</u>, 810 F.2d 451, 452 (4th Cir. 1987); <u>Buie v. Jones</u>, 717 F.2d 925, 927-929 (4th Cir. 1983); <u>Weinstein v. Bradford</u>, 423 U.S. 147, 149 (1975).



Plaintiff does, however, also assert a claim for monetary damages, and damages claims survive an inmate's transfer to another institution. <u>Mawhinney v. Henderson</u>, 542 F.2d 1, 2 (2d Cir. 1976).[4] Further, the two named Defendants are both subject to suit under § 1983 for damages in their individual capacities. <u>Will v. Michigan Dep't of State Police</u>, 491 U.S. 58, 71 (1989); <u>Hafer v. Melo</u>, 112 S.Ct. 358, 365 (1991); <u>Goodmon v. Rockefeller</u>, 947 F.2d 1186 (4th Cir. 1991); <u>Inmates v. Owens</u>, 561 F.2d 560 (4th Cir. 1977).[5] However, it is also readily apparent from a plain reading of the allegations of Plaintiff's verified Complaint that the only reason the Defendant Phillip Thompson, Sheriff of Horry County, has been named a party Defendant in this case is because he is the official who appointed the Defendant Fox Director of the Detention Center. Other than the conclusory statement by Plaintiff in his Complaint that Thompson "approved" Fox's actions, there are no allegations that Thompson himself played any role in the operation of the Detention Center. <u>See</u> <u>House v. New Castle County</u>, 824 F.Supp. 477, 485 (D.Md. 1993) [Plaintiff's conclusory allegations insufficient to maintain claim]. The doctrines of vicarious liability and

_____

[4]Defendants argue, <u>inter alia</u>, that even if Plaintiff has otherwise presented a cognizable claim, his entire case should nevertheless be dismissed because Plaintiff failed to exhaust his administrative remedies with regard to his claims prior to proceeding with this lawsuit. Exhaustion of available administrative remedies is a requirement for proceeding with a § 1983 lawsuit in federal court. <u>See</u> 42 U.S.C. § 1997e(a); <u>Porter v. Nussle</u>, 534 U.S. 516 (2002); <u>Palay v. United States</u>, 349 F.3d 418, 425 (7th Cir. 2003) [as applied to pretrial detainees]. However, Plaintiff asserts in his verified Complaint that he attempted to exhaust the jail administrative grievance process, but that he never received any response, while Safford attests in her affidavit that Plaintiff's grievances were answered and determined to be groundless. Hence, at least for purposes of summary judgment, there would appear to be a material issue of fact as to whether Plaintiff exhausted whatever administrative procedures existed at the Detention Center, and the undersigned has therefore addressed Plaintiff's damages claims on the merits.

[5]While the caption of Plaintiff's Complaint reflects that these Defendants are being sued in their official capacities, giving Plaintiff's pleading the liberal construction to which it is entitled, the undersigned has proceeded to address his claims for damages based on an assertion of individual liability. <u>Cruz v. Beto</u>, <u>supra</u>.



respondeat superior are not applicable in § 1983 actions; <u>Vinnedge v. Gibbs</u>, 550 F.2d 926, 927-929 & nn. 1-2 (4th Cir. 1977); and therefore unless a Plaintiff presents evidence to show specific wrongdoing on the part of a named Defendant, that Defendant may not be held liable for the acts of others. <u>Monell v. Dep't of Social Servs.</u>, 436 U.S. 658, 694 (1978); <u>Wetherington v. Phillips</u>, 380 F.Supp. 426, 428-429 (E.D.N.C. 1974), <u>aff'd</u>, 526 F.2d 591 (4th Cir. 1975); <u>Joyner v. Abbott Laboratories</u>, 674 F.Supp. 185, 191 (E.D.N.C. 1987); <u>Stubby v. Hunter</u>, 806 F.Supp. 81, 82-83 (D.S.C. 1992).

  While Thompson may be held liable for any decisions Fox made and/or for the conditions at the Detention Center if these decisions and/or conditions were the result of an official policy or custom for which Thompson was responsible; <u>see</u> <u>Slakan v. Porter</u>, 737 F.2d 368, 375-376 (4th Cir. 1984), <u>cert. denied</u>, <u>Reed v. Slakan</u>, 470 U.S. 1035 (1985); <u>Shaw v. Stroud</u>, 13 F.3d 791, 799 (4th Cir. 1994), <u>cert. denied</u>, 115 S.Ct. 67 (1994); <u>Fisher v. Washington Metro Area Transit Authority</u>, 690 F.2d 1133, 1142-1143 (4th Cir. 1982) (citing <u>Hall v. Tawney</u>, 621 F.2d 607 (4th Cir. 1980)); Plaintiff has presented no evidence regarding the existence of any official policy or custom put in place by the Defendant Thompson which led to or resulted in the allegedly unconstitutional conditions of confinement set forth in the Complaint. Therefore, the Defendant Thompson is entitled to dismissal as a party Defendant in this case.

  With respect to the Defendant Fox, as Director of the Detention Center, and pursuant to his own admissions in his affidavit, Fox was responsible for the conditions of confinement at the Detention Center. Nevertheless, Plaintiff has failed to present evidence sufficient to give rise to a genuine issue of fact as to whether his constitutional rights were violated by this Defendant. As a pretrial detainee, Plaintiff's conditions of confinement while incarcerated at the Horry County



Detention Center are evaluated under the due process clause of the Fourteenth Amendment; Bell v. Wolfish, 441 U.S. 520, 535, n. 16 (1979);[6] and under the due process clause, a detainee may not be punished prior to an adjudication of guilt in accordance with due process of law. Id. However, the mere fact that a detainee may be held in uncomfortable surroundings does not constitute punishment for purposes of a § 1983 claim, and the evidence before the Court does not show that the Plaintiff was subjected to "punishment" such as to give rise to a constitutional claim under § 1983.

        During the time period set forth in the Complaint, Plaintiff was a prisoner in a county jail facility, not a hotel. It should be expected that conditions in such a setting are often times less than ideal. Lunsford v. Bennett, 17 F.3d 1574, 1581 (7th Cir. 1994); Hadley v. Peters, No. 94-1207, 1995 WL 675990 *8 (7th Cir. 1995), cert. denied, 116 S.Ct. 1333 (1996) ["prisons are not required to provide and prisoners cannot expect the services of a good hotel."] (quoting Harris v. Fleming, 839 F.2d 1232, 1235 (7th Cir. 1988)). The question is whether the evidence presented to the Court is sufficient to create a genuine issue of fact as to whether Plaintiff was denied the minimal civilized measure of life's necessities, or that any named Defendant engaged in any conduct "for the very purpose of causing harm or with the knowledge that harm [would] result." Farmer v. Brennan, 114 S.Ct. 1970, 1978-1979 (1994); Wilson v. Seiter, 501 U.S. 294, 298 (1991); see Martin v. Gentile, 849 F.2d 863, 870 (4th Cir. 1988) [holding that the Fourteenth Amendment guarantees at least Eighth Amendment protections]. Plaintiff has presented no such evidence. All Plaintiff says in his verified Complaint is that, while he was at the Detention Center, he was subjected to overcrowded

---

        [6]The Eighth Amendment is used to evaluate conditions of confinement only for those convicted of crimes. Id. See also Ingraham v. Bright, 430 U.S. 651, 671-672, n. 40 (1977); Gray v. Farley, 13 F.3d 142, 146 (4th Cir. 1993).



conditions, that "people" had to sleep on mattresses on the floor, that sufficient opportunities for outside recreation were not provided, and other such complaints.[7]  These general and conclusory allegations, without any specific facts or supporting documentation or evidence being offered, are not sufficient to maintain a claim by the Plaintiff for violations of his constitutional rights. House, 824 F.Supp. 477, 485 (D.Md. 1993) [Plaintiff's conclusory allegations insufficient to maintain claim]. See Papasan v. Allain, 478 U.S. 265, 286 (1986) [Courts need not assume the truth of legal conclusions couched as factual allegations];  Bender v. Surburban Hospital, Inc., 159 F.3d 186 (4th Cir. 1998); Morgan v. Church's Fried Chicken, 829 F.2d 10, 12 (6th Cir. 1987) ["Even though pro se litigants are held to less stringent pleading standards than attorneys the court is not required to 'accept as true legal conclusions or unwarranted factual inferences.'"]. See also Cochran v. Morris, 73 F.3d 1310, 1317 (4th Cir. 1996);  White v. Boyle, 538 F.2d 1077, 1079-1080 (4th Cir. 1976); Salahuddin v. Jones, 992 F.2d 447, 449 (2d Cir. 1993), cert. denied, 510 U.S. 902 (1993); Proffitt v. United States, 758 F.Supp. 342 (E.D.Va. 1990); Adams v. Rice, 40 F.3d 72, 74-75 (4th Cir. 1994), cert. denied, 514 U.S. 1022 (1995); Southmark Prime Plus, L.P. v. Falzone, 776 F.Supp. 888, 891 (D.Del. 1991).

    Plaintiff's failure to provide any evidence in support of his claims, or to counter or even respond to Defendants' evidence, is fatal to his claim. House, 824 F.Supp. at 485 [Plaintiff's conclusory allegations insufficient to maintain claim]; Levy v. State of Ill. Dept. of Corrections, No.

---

[7]Plaintiff does not actually claim that he specifically endured any of these deprivations, as his allegations are styled as general complaints that inmates as a whole suffered from the conditions alleged. Plaintiff cannot, however, assert claims relating to the treatment of other inmates.  Rather, he can only assert claims relating to what happened specifically to him. Hummer v. Dalton, 657 F. 2d 621 (4th Cir. 1981) [A prisoner proceeding pro se may not serve as a "knight errant" for other inmates, but may only seek to enforce his own rights.].



96-4705, 1997 WL 112833 (N.D.Ill. March 11, 1997) ["A defendant acts with deliberate indifference only if he or she 'knows of and disregards' an excessive risk to inmate health or safety.'"]. Even assuming that Plaintiff had to sleep on the floor, that is not in and of itself a violation of his constitutional rights.  *Cf.* Landfair v. Sheahan, 911 F.Supp. 323, 325-326 (N.D.Ill. 1995) [pretrial detainee who alleged that due to overcrowding, he was forced to sleep on floor, and contracted meningitis, failed to state a claim because he did not set forth specific facts showing that he actually had meningitis]; Hamm v. DeKalb County, 774 F.2d 1567, 1575 (11th Cir. 1985) [the fact that pretrial detainee temporarily had to sleep on a mattress on the floor or on a table "is not necessarily a constitutional violation."]; Farmer, 114 S.Ct. at 1979 [defendants must have engaged in conduct "for the very purpose of causing harm or with the knowledge that harm [would] result".]. Nor are Plaintiff's general and conclusory claims concerning recreation, visitation, or other conditions of his confinement sufficient to survive summary judgment. See generally, Rish v. Johnson, 131 F.3d 1092, 1096 (4th Cir. 1997) ["only extreme deprivations are adequate to satisfy the objective component of an Eighth Amendment claim regarding conditions of confinement"]; Harris v. Fleming, 839 F.2d at 1235  [prisoner deprived of toilet paper, soap, toothpaste and toothbrush while kept in filthy, roach infested cell suffered no punishment when no physical harm resulted]; Isaac v. Fairman, No. 92-3875, 1994 WL 63219, * 5-6 (N.D.Ill. 1994) [allegation that prisoner was provided only one uniform and denied adequate opportunity to wash did not state claim]; Wilson v. Cook County Bd. of Commissioners, 878 F.Supp. 1163, 1167-1168 (N.D.Ill. 1995) [pretrial detainee failed to establish that overcrowding, inadequate staffing, inadequate opportunity for exercise, and inadequate grievance procedures in detention facility violated detainee's due process rights, as detainee failed to allege remedial injury]; White v. Keller, 438 F.Supp. 110, 114-

10



115 (D.Md. 1977) [there is no absolute right to prison visitation]. This case should therefore be dismissed.

### Conclusion

Based on the foregoing, it is recommended that the Defendants' motion for summary judgment be **granted**, and that this case be **dismissed**.

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

Columbia, South Carolina

March 7, 2007

11



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).



12